NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| R. EDWARD FORCHION, : | |
| : | |
| Plaintiff, : | Civil No. 13-7263 (JBS) |
| : | |
| v. : | |
| : | |
| CHARLES DELEHEY, et al., : | **OPINION** |
| : | |
| Defendants. : | |

**APPEARANCES:**

R. Edward Forchion, *Pro Se*
\# 73966
Burlington County Correctional Facility
54 Grant Street
Mount Holly, NJ 08060

**SIMANDLE, Chief Judge**

Plaintiff, R. Edward Forchion, confined at the Burlington County Correctional Facility, Mount Holly, New Jersey, submitted a civil Complaint alleging violations of his constitutional rights and an application to proceed *in forma pauperis* ("IFP"). Based on the submissions, the Court will grant Plaintiff's application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint should be dismissed for failure to state a claim.

## BACKGROUND

Plaintiff seeks to sue Judge Charles Delehey, a New Jersey Superior Court Judge, the State of New Jersey, and Burlington County. (Complt., ¶ 4). He states that on April 1, 2010, he was arrested and charged with possession and possession with intent to distribute marijuana. After a not guilty verdict on the intent to distribute charge, Plaintiff was sentenced on January 16 (presumably 2013) to two years of probation.

At some point, Plaintiff was arrested on a probation violation as a fugitive of justice. Plaintiff explains that he travels from New Jersey to California for bone cancer treatment. He states that he was "held in jail until I agreed to plead guilty to [the] bogus probation violation. I missed two monthly cancer treatments from Feb. 2013 - March 2013 and was in fear of missing [the] third when brought before Judge Delehey with the mandate to plead guilty to bogus violation and I'd be free to travel to get treatment!!!" Plaintiff argues that he was denied healthcare to force the plea. (Complt.,

2

¶ 6).

Plaintiff asks for vacation of the guilty plea, and for "a new probation violation [to] be convened." (Complt., ¶ 7).

## DISCUSSION

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure

to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### 3.     Plaintiff's Complaint Must Be Dismissed.

In a series of cases beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In *Preiser*, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. *See* 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. *See* 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy

is a writ of habeas corpus." *Id.* at 500.

Here, the Court notes that Plaintiff attaches to the Complaint his state court remedies, wherein he requested to stay his nine-month violation of probation sentence pending appeal. Regardless, the relief Plaintiff seeks cannot be obtained in a § 1983 case, as it involves Plaintiff's criminal conviction and seeks vacation of his guilty plea. After exhaustion of his state court remedies, Plaintiff must file a habeas petition to challenge his conviction.

Thus, until Plaintiff's criminal conviction is invalidated, any § 1983 action challenging the conviction and seeking a remedy is unenforceable. Plaintiff cannot have his conviction overturned in this § 1983 action, nor can he collect monetary damages prior to his conviction being invalidated through habeas relief or otherwise. *See Heck v. Humphrey,* 512 U.S. 477 (1994). Therefore, the Complaint must be dismissed with prejudice.[2]

---

[2] The Court also notes that should Plaintiff seek monetary relief, he cannot do so against the named defendants. As to the State of New Jersey, unless a state clearly waives sovereign immunity or Congress abrogates it, the Eleventh Amendment precludes all claims against a state for monetary damages. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979) ("a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"). As to Judge Delehey, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts

## **CONCLUSION**

For the reasons stated above, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. An appropriate Order follows.

                                          **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE, Chief Judge
                                          United States District Court

Dated:    **July 14, 2014**

---

even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.